Filed 01/07/25

VERMONT SUPERIOR COURT

Orange Unit
5 Court Street
Chelsea VT 05038
802-685-4610
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 22-CV-04145

| Christopher Perry v. Dartmouth Hitchcock Health, Inc., et al |

## ENTRY REGARDING MOTION

Title:          Motion to Determine the Sufficiency of Amended Responses to Requests for
Admission (Motion: 8)
Filer:          Robert B. Hemley
Filed Date:     December 19, 2024

The motion is DENIED.

The dispute between the parties has narrowed to a point of punctuation.

Defendants, in compliance with the Court's December 9, 2024 Order have filed amended answers to Plaintiff's Requests to Admit Numbers 43, 44, and 46. Their answers now admit that the images seen in the 1/11/21 and 4/29/21 CT scans show a presacral growth. (#43 and 44.) They also admit that the two scans along with the 1/12/22 CT scans show a presacral mass that includes a malignant growth. (#46.)

Defendants, however, qualify this admission within the sentence to also include a qualification that addresses Defendants' primary point of contention. They note that while the images show the presacral growth, the image shows the growth only with the benefit of the latter CT scan.

Plaintiffs object to Defendant's sentence structure and would put this qualification into a separate sentence, which would rhetorically separate the admission from the context with a grammatical period in between the two concepts.

Requests to Admit, while part of the Rules of Discovery, are not methods of requesting information. As Judge Crawford notes, are tools "used to establish the admission of facts about which there is no real dispute." *Concepts NREC, LLC v. Qiu*, No. 5:20-CV-133, 2022 WL 22761644,

at \*3 (D. Vt. Feb. 15, 2024) (Crawford, J.) (quoting 7 Moore's Federal Practice—Civil § 36.02(1) (3d ed.). As such, Requests to Admit are intended to clarify where there is meaningful dispute and where there is general agreement. When the questions begin to approach the heart of the dispute and provide more rhetorical proof than clarification, then the Requests are likely to be disputed, and the less likely the Court will be to manage or put its proverbial thumbs onto the scale. Id.

In this case, Plaintiff has received what he sought, which was clarification that the mass in the 1/11/21, 4/29/21, and 1/12/22 CT scans show a presacral mass that was eventually removed, and which contained malignant growth. These issues are not in dispute, and Defendants' amended answers confirm these facts. What is at issue is whether a trained eye within the time and context when these images were first produced would have identified the image as what it ultimately turned out to be. Plaintiff sees this distinction as a qualification on the image, something that may be presented separate from the admission to qualify the image. But, Defendants see it as a fundamental part of the image. In other words, Plaintiff sees the admission as a necessary modal proposition. The CT scans show a presacral growth. Period. Defendants see the admission as a contingent modal proposition that is fundamentally dependent on the relationship between time, the several images, and the ultimate physical determinations. For Plaintiff, the language inside the sentence dilutes and renders the admission near meaningless. For Defendants, a separation of the image from its context and place robs it of its meaning.[1] This difference goes to the heart of the present dispute and is likely one of the central issues that the parties will be litigating to the jury. For this reason, it would be improper for the Court to impose a particular distinction or define the relationship between these terms. This is an issue, ultimately for the parties to present to the jury and for that fact-finding body to determine.

For these reasons, Plaintiff's request goes beyond the scope of Rule 36 and would put the Court into the improper position of framing the central dispute in this case in a manner that would limit the parties' ability to distinguish their own position. In denying Plaintiff's motion, the Court is not stating whether either party's charactierization is more or less credible. While the present matter has been formulated as a grammatical one, each proposition also represents an important scientific and phenomenological distinction. In such cases, shifting this task to the Court under Rule 36 would employ a poor engine to drive this dispute.

---

[1] The grammatical concept of modal propositions dates back to Aristotle, but it may be summarized as the way terms within a given proposition are related to each other. Within this framework, necessary modal propositions state the way reality must be, and contingent modal propositions state the way reality could be. See SR. MIRIAM JOSEPH, THE TRIVIUM: THE LIBERAL ARTS OF LOGIC, GRAMMAR, AND RHETORIC 90, n.2 (M.McGlinn ed. 2002) (outlining the grammatical structure of modal propositions and relationship of various propositions and how their structure informs both meaning and relationship between the terms).

## **ORDER**

Based on the foregoing, the Court finds that Defendant's responses are sufficient for the purposes of V.R.C.P. 36, and the Court will not require further amendment. The Court **Denies** Plaintiff motion for clarification.

Electronically signed on 1/4/2025 3:20 AM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge